**Danny E. SHIELDS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–85–00515–CR.**

Court of Appeals of Texas,
San Antonio.

April 30, 1987.

Joe Mike Egan, Jr., Kerrville, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Before ESQUIVEL, DIAL and CHAPA, JJ.

## OPINION

DIAL, Justice.

The defendant was found guilty in a jury trial for the offense of delivery of methamphetamine. The jury set his punishment at confinement for twenty-five (25) years. The two points of error allege jury misconduct and insufficiency of the evidence based on entrapment. We will overrule the points of error and affirm the conviction.

■ On the entrapment issue, the undisputed facts were that an informant, Rainey, told a Kerrville police officer that the defendant was offering to sell some stolen U.S. savings bonds. The officer arranged for Rainey to introduce an undercover police officer to the defendant for the purpose of buying the stolen bonds. The officer offered the defendant $106.00 for the bonds and some "toot" (street terminology for methamphetamine). The defendant accepted the offer, and the officer paid him the money. The defendant directed the officer to drive to another location. There the defendant obtained the methamphetamine, which forms the basis for his conviction, and handed it to the officer.

The defendant testified that Rainey had previously asked him for methamphetamine on several occasions. He further testified that on the occasion in question the undercover officer had given him $60.00 with which he purchased a quarter of a gram of "speed" and delivered it to the officer.

The jury was instructed as follows:

You are instructed that it is a defense to prosecution that a person engaged in the conduct charged against him because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense; however, conduct of law enforcement agents that merely affords a person an opportunity to commit an offense does not constitute entrapment.

By the term 'law enforcement agent' as used herein is meant personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents.

The law was then applied to the facts describing James Rainey as a law enforcement agent.

This was a proper charge under the law. TEX.PENAL CODE ANN. § 8.06 (Vernon 1974); *Rangel v. State*, 585 S.W.2d 695,

698 (Tex.Crim.App.1979). Even if the jury believed the defendant's version of the testimony, it merely showed an opportunity for the defendant to commit the offense. This does not constitute entrapment. The point of error is overruled.

■ The other point of error is based on allegations that a juror voted for a harsher punishment because of a misstatement of law by another juror.

The recognized authority in this area is *Sneed v. State,* 670 S.W.2d 262 (Tex.Crim. App.1984).

> To show that a jury's discussion of the parole law constitutes reversible error, it must be shown that there was
>
> "(1) a misstatement of the law
>
> "(2) asserted as a fact
>
> "(3) by one professing to know the law
>
> "(4) which is relied upon by other jurors
>
> "(5) who for that reason changed their vote to a harsher punishment."

670 S.W.2d at 266.

The foreman of the jury testified that another member of the jury stated, "We will give him 25 years, because he'll be out in 8 years anyway." The witness further testified that the statement of the juror was "asserted as a fact" and that he relied on the correctness of the statement and voted for a harsher punishment than he would have done otherwise.

The jury was charged under TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4(b) (Vernon Supp.1987) concerning the award of good conduct time and parole. The requisite statutory instruction includes the information that a defendant "will not become eligible for parole until the actual time served plus any good conduct time earned equals one-third of the sentence imposed...." *Id.*

This then becomes a case of first impression on the issue of a juror making a statement as one professing to know the law when he is merely repeating information correctly given to him in the charge of the court. We hold that this was not a statement made by one professing to know the law. The juror was merely paraphrasing the jury charge while participating in permissible deliberation.

More importantly, the statement attributable to the juror professing to know the law was not a misstatement of the law. An appraisal that an individual given 25 years would be released in 8 years is as accurate a statement of the parole law as could be expressed by a knowledgable expert.

We emphasize that the point of error as alleged does not involve an impermissible consideration of the manner in which the parole law might be applied to this particular defendant. It is rather, specifically based on the reliance of the jurors on a misstatement of the law by a fellow juror.

The point of error is overruled, and the judgment of conviction is affirmed.

CHAPA, J., files a dissenting opinion.

CHAPA, Justice, dissenting.

I respectfully dissent and would reverse and remand for a new trial.

The majority opinion incorrectly overrules the complaint of the appellant of jury misconduct which caused a harsher punishment because of a misstatement of the parole law by a juror.

In justifying this decision, the majority first contends that the point of error as alleged does not involve an impermissible consideration of the manner in which the parole law might be applied to this particular defendant. I disagree.

Appellant's first point of error reads as follows:

> By denying Defendant's motion for new trial based on alleged jury misconduct the trial court committed reversible error because the Foreman of the jury testified that he would never have voted for a punishment of 25 years except that he relied on statements of other jurors who asserted as a fact of which they had knowledge that defendant would be released after serving only 8 years if he were sentenced to serve 25 years. Causing the foreman to vote for a harsher

punishment by such means in violation of art. 40.03, §§ 7 and 8.

Appellant's argument under the point of error further elaborated his assertion that the case demonstrates all the elements enunciated in *Sneed v. State*, 670 S.W.2d 262 (Tex.Crim.App.1984) (en banc). Thus, the appellant has properly directed our attention to the impermissible consideration of the manner in which the parole law might be applied to this particular defendant.

During the hearing on defendant's motion for new trial, the jury foreman Victor D. Bouvinghausen testified in part as follows:

MR. EGAN:

Q: Reverand, I'd like to ask you a few questions as to what happened in the jury room. Now you were the foreman of the jury that assessed the punishment at 25 years, is that correct, sir?

THE WITNESS: A: Right.

Q: Now in the jury room there was discussion of the parole law and *its application to this Defendant*, is that correct, sir?

A: That's right.

Q: All right, sir. Now was it asserted *as a fact by other jurors* there in the jury room that if Danny Shields, the Defendant, were assessed a sentence to serve 25 years in the Texas Department of Corrections, *that he would be released* in eight years or less?

A: Right.

Q: This was asserted *as a fact?*

A: (Indicating affirmatively)

THE COURT: Could you respond?

THE WITNESS: Yes.

MR. EGAN: Q: And, Reverand, by that statement—And that statement was *made by other jurors* back there, is that correct, sir?

THE WITNESS: A: Correct.

Q: All right. Now that statement that *he would be released* in eight years or less *was not* in any way *conditioned* on Danny Shields' behaving himself in the penitentiary, is that correct?

A: No.

Q: And *not conditioned* in any way on exercise of discretion by the Parole Board, is that correct, sir?

A: (Indicating negatively)

Q: He—

A: No. Just, 'We will give him 25 years, because *he'll be out in eight years anyway.*'

Q: All right, sir. And that was a *definite fact*, that, 'If we give him 25 years, *he'll be out* in eight,' is that correct?

A: Yes.

Q: And did *you rely on the correctness* of that statement?

A: Yes.

Q: And is it *because of the correctness* of that assertion of fact that you were willing to vote to assess the Defendant *a sentence of 25 years to serve* in the penitentiary?

A: Yes.

Q: All right, sir. Now unless you have this definite assurance that he would serve eight years or less, *would you have voted for any* sentence, yourself, in excess of eight years?

A: No.

Q: *That was the reason* that you went along with the 25 years?

A: Right.

Q: *This assertion of law* was as a *matter of fact*, is that correct, sir?

A: Correct.

(Emphasis added)

In attempting to rehabilitate Bouvinghausen, the prosecutor elicited the following:

[PROSECUTOR]: And you talked about the fact that he'd be released. The fact is, he would *be eligible for* parole, is that right?

[BOUVINGHAUSEN]: Well, the *eligible wasn't emphasized.*

The Texas Court of Criminal Appeals set out the law in this area in *Sneed v. State*, 670 S.W.2d 262 (Tex.Crim.App.1984) (en banc) as follows:

To show that a jury discussion of parole law constitutes reversible error, it must be shown that there was

"(1) a misstatement of the law

"(2) asserted as a fact

"(3) by one professing to know the law

"(4) which is relied upon by other jurors

"(5) who for that reason changed their vote to a harsher punishment."

*Id.* at 266.

Applying this test to the case at bar, the foreman testified that several jurors did misstate the law by asserting as a fact that this defendant would be out in eight years if assessed twenty-five years punishment, regardless of any actions or inactions on the part of the Parole Board. Further, the foreman testified he relied upon these jurors who appeared to know the law and for this reason voted for the harsher punishment.

Thus, the *Sneed* test applies on all counts to the case at bar.

In the punishment charge, the trial court instructed the jury in part as follows:

*It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant* if he is sentenced to a term of imprisonment, *because the application of these laws will depend on decisions made by prison and parole authorities.*

You may consider the existence of the parole law and good conduct time. However, *you are not to consider the extent to which good time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied, to this particular defendant.* (Emphasis added)

There can be no question that the jury directly violated the court's instruction in this respect and thereby committed error. The question remaining, is whether the error was reversible.

It is well established that issues of fact as to jury misconduct raised at a hearing on a motion for new trial are for the determination of the trial judge, and where there is conflicting evidence there is no abuse of discretion where the motion for new trial is overruled. *McCartney v. State*, 542 S.W.2d 156, 162 (Tex.Crim.App. 1976). However, in the case at bar, the prosecution failed to elicit conflicting testimony to justify a denial of a new trial.

I would reverse and remand for a new trial.