**Robert De La Fuente GIL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 3–87–006–CR.

Court of Appeals of Texas,
Austin.

Aug. 10, 1988.

Paul J. Goeke, Huffman, Mayton & Goeke, San Antonio, for appellant.

William L. Schroeder, Dist. Atty., R. Bruce Boyer, Asst. Dist. Atty., New Braunfels, for appellee.

Before POWERS, BRADY and CARROLL, JJ.

CARROLL, Justice.

Robert Gil appeals from a conviction for aggravated assault. After finding him guilty, the jury assessed punishment at six years imprisonment. We will reverse the judgment of the trial court and remand the cause for a new punishment hearing.

## BACKGROUND

This is a jury misconduct case. The sufficiency of the evidence is not challenged here. At the punishment phase of the trial, the judge charged the jury in accordance with the parole law provisions of Tex.Code Cr.P.Ann. art. 37.07, § 4(a) (Supp.1988). After describing the workings of the parole law, the charge stated in part:

> [Y]ou are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

The defendant timely moved for new trial.[1] At the evidentiary hearing on that motion, appellant introduced a sworn affidavit from one of the jurors into evidence. That affidavit read in part:

> During the jury's deliberation, most of us decided that we did not want the defendant to receive a simple "slap on the wrist." There was a discussion about the application of the parole law and, to insure that the defendant serve two years, we multiplied that figure by three and sentenced him to six years.

The State failed to object to the introduction of this affidavit and adduced no evidence in the hearing. Appellant contended that the juror's affidavit demonstrates that the jury improperly considered the manner

1. Presumably, appellant raised the jury misconduct issue pursuant to Tex.R.App.P.Ann. 30(b)(8) (Supp.1988), which permits a new trial to be granted "where the court finds the jury has engaged in such misconduct that the accused has not received a fair and impartial trial."

in which the parole law might be applied to appellant. The trial court disagreed and overruled the motion for new trial.

## DISCUSSION

 We believe the trial court erred in denying appellant's motion for new trial where the uncontroverted evidence established that the jury had violated the court's instruction not to consider the manner in which the parole law may be applied to the defendant. At least two separate reasons justify this conclusion.

First, the statute under which appellant was charged has recently been held unconstitutional by the state's highest criminal court. *Rose v. State,* 752 S.W.2d 529 (Tex. Cr.App.1988) (opinion on rehearing). That opinion also instructs us that no objection is necessary to preserve error stemming from the instruction. *Id.* at 532.

Second, the jury failed to obey the court's instruction. Courts presume that juries follow the trial court's instructions to them, but the presumption is a rebuttable one. *Cobarrubio v. State,* 675 S.W.2d 749 (Tex.Cr.App.1983). We hold that the uncontroverted affidavit introduced in the hearing on motion for new trial effectively rebuts the presumption of obedience.

Our inquiry does not end here, however, for under either basis for reversal, the appellant must show he was *harmed* by the application of the unconstitutional statute or by the jury's disobedience of the judge's instruction. We apply the harm test set forth in Tex.R.App.P.Ann. 81(b)(2) (Supp.1988). *Rose* at 532. That rule requires us to reverse a judgment where the record shows error in the proceedings below, unless we determine beyond a reasonable doubt that the error made no contribution to the punishment.

In this case, it is crystal clear that appellant was harmed by both the application of the statute and the jury's refusal to obey the court's instructions. The uncontroverted affidavit states that the jurors applied the parole law to the defendant by multiplying the sentence they thought he deserved by the factor by which it would be discounted if he were to receive maximum "good time" credit. We cannot say beyond a reasonable doubt that appellant was not harmed by these errors; in fact, it is obvious that appellant *was* harmed because his sentence was three times longer than it would have been without either error.

## CONCLUSION

We hold that, when a jury disobeys a jury instruction and the disobedience harms a defendant, the disobedience constitutes reversible error. We also hold that where the trial court uses a parole charge pursuant to art. 37.07 and use of that charge harms the defendant as envisioned in Tex. R.App.P.Ann. 81(b)(2), that constitutes reversible error. We conclude that both those errors occurred in this case and both harmed the defendant.

We sustain appellant's first point of error, making disposition of the others unnecessary. The judgment of the trial court is reversed, and the cause remanded to that court for a new punishment hearing.

REVERSED and REMANDED.