**Danny E. SHIELDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 609–87.**

Court of Criminal Appeals of Texas, En Banc.

May 8, 1991.

1. Now, see V.T.C.A., Health and Safety Code, § 481.102(6), and § 481.112 (effective, Septem-

———

Joe Mike Egan, Jr., Kerrville, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, Robert Huttash, State's Atty., and Matthew W. Paul, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted by a jury of delivery of methamphetamine. The jury assessed his punishment at confinement for twenty-five years. See Vernon's Ann.Texas Civ.St. art. 4476–15, § 4.02(b), and § 4.03(b)(1) (repealed 1989).[1] On direct appeal, the Court of Appeals affirmed appellant's conviction, overruling appellant's point of error that the jury committed misconduct by voting for a harsher punishment because of a misstatement of the law voiced by several of the jurors. *Shields v.*

ber 1, 1989).

*State,* 730 S.W.2d 178 (Tex.App.—San Antonio, 1987).

The majority opinion of the Court of Appeals explained that *Sneed v. State,* 670 S.W.2d 262 (Tex.Cr.App.1984) was the recognized authority on this point. Under *Sneed,* the majority held, the jurors were merely repeating information given to them in the parole law charge of the court's instructions. The majority ruled that "the statement attributed to the juror professing to know the law was not a misstatement of the law." *Shields,* 730 S.W.2d, at 180. Justice Chapa dissented, stating that "the *Sneed* test[2] applies on all counts" to the instant case. Justice Chapa explained that the jury violated the trial court's instruction that they were not to consider the manner in which the parole law was to be applied to appellant's case by the prison and parole authorities. *Shields,* 730 S.W.2d, at 180–182.

This Court granted appellant's petition for discretionary review on two grounds for review. First, he contends the majority of the Court of Appeals erred when it decided that the juror's statements were correct statements of the law. Appellant argues that the juror's assertions of fact that appellant would serve only eight years on a twenty-five year sentence represented an usurpation of the power vested in the executive branch of the government. Second, appellant contends that the juror's discussion in the instant case of the application of the parole law charge, Art. 37.07, § 4(a), was a misstatement of the law under *Sneed v. State, supra.* We will sustain appellant's grounds for review and reverse the decision of the Court of Appeals.

During the hearing on appellant's motion for new trial, the following examination of the jury foreman, Victor D. Bouvinghausen, transpired:

DEFENSE COUNSEL: Q. Reverend. I'd like to ask you a few questions as to what happened in the jury room. Now you were the foreman of the jury that assessed punishment at 25 years, is that correct, sir?

THE WITNESS: Right.

Q. Now in the jury room there was discussion of the parole law and its application to this Defendant, is that correct, sir?

A. That's right.

Q. All right, sir. Now was it asserted as a fact by other jurors there in the jury room that if Danny Shields, the Defendant, were assessed a sentence to serve 25 years in the Texas Department of Corrections[3], that he would be released in eight years or less?

A. Right.

Q. This was asserted as fact?

A. (Indicating affirmatively)

THE COURT: Could you respond?

THE WITNESS: Yes.

DEFENSE COUNSEL: And, Reverend, by that statement—And that statement was made by other jurors back there, is that correct, sir?

THE WITNESS: Correct.

Q. All right. Now that statement that he would be released in eight years or less was not in any way conditioned on Danny Shields' behaving himself in the penitentiary, is that correct?

A. No.

Q. And not conditioned in any way on exercise of discretion by the Parole Board, is that correct, sir?

A. (Indicating negatively)

Q. He—

A. No. Just, 'We will give him 25 years, because he'll be out in eight years anyway.'

Q. All right, sir. And that was a definite fact, that, 'If we give him 25

---

2. Former Presiding Judge Onion set out the *Sneed* test as follows:

"To show that a jury's discussion of the parole law constitutes reversible error, it must be shown that there was

(1) a misstatement of the law
(2) asserted as a fact
(3) by one professing to know the law
(4) which is relied upon by other jurors
(5) who for that reason changed their vote to a harsher punishment."
*Sneed,* 670 S.W.2d, at 266.

3. Now, named the Texas Department of Criminal Justice, Institutional Division.

years, he'll be out in eight,' is that correct?

A. Yes.

Q. And did you rely on the correctness of that statement?

A. Yes.

Q. And is it because of the correctness of that assertion of fact that you were willing to vote to assess the Defendant a sentence of 25 years to serve in the penitentiary?

A. Yes.

Q. All right, sir. Now unless you have this definite assurance that he would serve eight years or less, would you have voted for any sentence, yourself, in excess of eight years?

A. No.

Q. That was the reason you went along with 25 years?

A. Right.

Q. This assertion of law was as a matter of fact, is that correct, sir?

A. Correct.

On redirect examination, appellant pursued this line of questioning:

Q. Did you rely on assertions by the jurors that he would be released in eight years or less, or was that—that he would be eligible for parole in eight years?

A. Well, I'm convinced that they felt that he would be out in eight years.

Q. That's right. And did they say that?

A. Yes.

Q. That he'd be out in eight years.

A. (Indicating affirmatively.)

Q. Did they say that he'd just be eligible for parole in eight years?

A. No; he'd be out in eight years.

Q. All right, sir. And that's the assertion that you accepted as true, is that correct, sir?

A. Right.

Q. And that's why you voted to give him 25 years?

A. Right.

.    .    .    .    .

Q. Reverend, what would you have done if the other jurors had merely said

that, "he'll be eligible for consideration by the Parole Board after he's served a third of his time"?

A. Well, I don't—We didn't even discuss eligibility.

Q. It was a matter of an assertion of fact of eight years or less then, is that correct, sir?

A. Right.

Q. And that's what you relied on?

A. (Indicating affirmatively)

Q. And that's why you voted for 25 years?

A. Yes.

The State correctly pointed out that appellant did not challenge the constitutionality of Article 37.07, § 4(b), nor did he suggest that the trial court was in error in charging the jury on the general principles of the parole law as was mandated prior to *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App. 1987). Rather, appellant sought to invoke *Sneed* because the jury disregarded the curative portion of the jury instruction and not only discussed parole, but strictly applied the formula to appellant. In this regard, we find Justice Chapa's opinion in dissent to be persuasive.

Justice Chapa wrote:

the foreman testified that several jurors did misstate the law by asserting as a fact that this defendant would be out in eight years if assessed twenty-five years punishment, regardless of any actions or inactions on the part of the Parole Board. Further, the foreman testified he relied upon these jurors who appeared to know the law and for this reason voted for the harsher punishment.

*Shields*, 730 S.W.2d, at 182. Justice Chapa then quoted from the part of the Art. 37.07 § 4(b) instructions that informed the jury that it could not be predicted exactly "how the parole law and good conduct time might be applied" to appellant because "the application of these laws will depend on decisions made by prison and parole authorities." Justice Chapa recalled how the jury was instructed "not to consider the manner in which the parole law may be applied." Justice Chapa concluded that there was no question "that the jury direct-

ly violated the court's instruction in this respect and thereby committed error." *Shields, supra.*

From the testimony of the jury foreman, it can be seen that the jurors in the instant case presented a misstatement of the law asserted as a fact, within the context of the test set out in *Sneed*, when they informed the foreman that appellant would be out of prison in eight years if they sentenced him to twenty-five years. Although the jurors may have been relying on the mathematical formula presented to them earlier in their Art. 37.07 § 4(b) instructions, the assertion was still a misstatement of the law, first, because the actual computation of the time was a matter that was not within the control of the jury or the court and, second, because it disregarded the instruction that the actual computation of the time was something that could not be predicted with any accuracy or reliability.

In *Rose v. State*, 752 S.W.2d 529 (Tex.Cr. App.1987), this Court discussed where the decision to grant an early release from imprisonment on parole fits within the branches of our government and explained how it was not a responsibility of the trial courts or juries of this state.

"... parole is an act of grace.... So long as it exists and is utilized as a tool of punishment and rehabilitation, jurisdiction, power and authority over parole must be exercised by some officer or agency of government.... The people have decided in favor of the Board rather than the Governor, and the Legislature has effectuated that decision in Article 42.18, V.A.C.C.P. Thus, parole is an act of clemency within the 'exclusive' jurisdiction, power and authority of the Board. Vernon's Ann.Texas C.C.P. Arts. 42.18, § 1.

"... since the Board of Pardons and Paroles is within and part of the Executive Department as contemplated by Art.

II, § 1, 'the decision to grant parole, if and when made, is beyond the province of the [Judicial Department] ... and is exclusively a matter within the [Executive Department] under proper regulation by the [Legislative Department]. Article IV, § 11.' *Heredia v. State*, 528 S.W.2d 847 (Tex.Cr.App.1975) and *Sanders v. State*, 580 S.W.2d 349 (Tex.Cr.App. 1978). Accordingly, 'any attempt by one department of government to interfere with the powers of another is null and void.' *Ex Parte Giles*, 502 S.W.2d [774] at 780; [ (Tex.Cr.App.1973) ] *State ex rel Smith v. Blackwell*, 500 S.W.2d [97] at 101. [ (Tex.Cr.App.1973) ]"

*Rose*, 752 S.W.2d, at 533–534.

In *Arnold v. State*, 786 S.W.2d 295 (Tex. Cr.App.1990), this Court discussed how the role of the jury in applying the Art. 37.07, § 4(b) instructions was designed to exclude any attempt to determine how long a defendant must serve in confinement.

In considering such "existence," [of parole law and good conduct time] however, jurors must not attempt to "predict" how **prison and parole authorities**, respectively, might treat such good conduct time and apply the parole law. In short, the jury can take the declarations into account in considering punishment, but without regard to what authorities may later do to the defendant.

*Arnold*, 786 S.W.2d, at 300.

In the instant case, the jurors who made the statements mentioned by the foreman failed to read the instructions as a whole. Consequently, they exceeded their responsibility and authority as it was explained to them, and made a misstatement of the law. It should have been clear to them from the trial court's instructions that such a prediction was not only inappropriate, but that it was also unreliable and, more than likely, inaccurate. From the record of the hearing on the motion for new trial[4], it is

---

4. The instant cause was tried in October, 1985. The motion for new trial hearing was not held until December of 1985. As a result, Tex.R. Crim.Ev.Rule 606(b), which became effective on September 1, 1986, was not controlling in the instant cause.

Rule 606(b) sets out:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indict-

apparent that other jurors relied upon this misstatement of the law when they voted for a harsher punishment than they would have if not for the misstatement. See *Sneed v. State,* 670 S.W.2d, at 266. We conclude, as Justice Chapa did in his dissent, that the jury violated the trial court's instruction and committed error.

Appellant's two grounds for review are sustained. The judgments of the trial court and the Court of Appeals are reversed. The instant cause is remanded to the trial court for a new trial on punishment. Art. 44.29(b), V.A.C.C.P.

ment or concerning his mental processes in connection therewith, except that a juror may testify as to any matter relevant to the validity of the verdict or indictment. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

Rule 606(b) does not lend itself to easy application in matters such as the instant cause. This is due to the apparent contradiction between the first and second parts of the rule. When would a matter that influenced a juror to assent to or dissent from a verdict not be a matter relevant to the validity of that verdict? See Judge Teague's concurring and dissenting opinion in *Rose v. State,* 752 S.W.2d, at 541–544.