IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-219-CR


AND


NO. 3-91-220-CR




FRANK NAVARETTE LAREZ,


a/k/a FRANK NABARETTE LAREZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL

DISTRICT

NOS. CR90-0787-B & CR90-0788-B, HONORABLE DICK ALCALA, JUDGE


 





PER CURIAM

 In the presence of a jury, appellant pleaded guilty to possessing less than twenty-eight grams of heroin and less than twenty-eight grams of cocaine. Tex. Health & Safety Code
Ann. § 481.115 (Pamph. 1991). Appellant pleaded true to paragraphs alleging two previous
felony convictions. The jury assessed punishment in each cause at imprisonment for ninety-nine
years.

 The court's charge included the instruction on the law of parole prescribed by Tex.
Code Crim. Proc. Ann. art. 37.07, § 4(b) (Supp. 1992). That instruction concludes by
admonishing the jury not to consider the manner in which good conduct time and parole might be
applied to the defendant before them. In his only point of error, appellant contends the jury
violated this admonition in determining his punishment.

 Appellant first raised this contention in a motion for new trial. At the hearing on
the motion, one of the jurors at appellant's trial testified that the parole instruction was read and
discussed by the jury, that he understood the parole instruction to mean that appellant would serve
no more than fifteen years in prison regardless of the punishment assessed by the jury, that more
than one vote was taken on the question of punishment, and that the parole instruction changed
his vote.

 Traditionally, discussion of parole while deliberating punishment was considered
jury misconduct. See Tex. R. App. P. Ann. 30(b)(8) (Pamph. 1991). In its last full treatment
of this subject, the court of criminal appeals held that a jury's discussion of parole constitutes
reversible error if: 1) there is a misstatement of the law, 2) asserted as fact, 3) by one professing
to know the law, 4) that is relied on by other jurors, 5) who for that reason change their vote to
a harsher punishment. Sneed v. State, 670 S.W.2d 262, 266 (Tex. Crim. App. 1984). That court
recently applied Sneed in a case similar to the one before us. Shields v. State, 809 S.W.2d 230
(Tex. Crim. App. 1991).

 In Shields, the jury was given the statutory parole instruction. In apparent violation
of the admonition not to consider how the parole law might be applied to the defendant, the jurors
decided to assess punishment at imprisonment for twenty-five years after several jurors asserted
that the defendant "would be out" in eight years. The court of criminal appeals concluded that



[a]lthough the jurors may have been relying on the mathematical formula presented
to them earlier in . . . [the statutory parole] instructions, the assertion was still a
misstatement of the law, first, because the actual computation of the time was a
matter that was not within the control of the jury or the court and, second, because
it disregarded the instruction that the actual computation of the time was something
that could not be predicted with any accuracy or reliability.



809 S.W.2d at 233. Because other jurors were shown to have relied on these statements and
voted for a harsher punishment that they otherwise would have favored, jury misconduct under
Sneed was shown. Shields, 809 S.W.2d at 234. See also Gil v. State, 756 S.W.2d 108 (Tex.
App. 1988, no pet.).

 The cause before us is distinguishable from Shields. The testimony of the juror
established only that the parole instruction was discussed by the jury. He did not testify that the
jury attempted to apply the formula for parole eligibility to appellant in setting punishment. The
juror did not testify that he or any other member of the jury asserted as a fact that appellant would
be released from prison after fifteen years regardless of the punishment assessed, nor did he testify
that the vote of any member of the jury changed in reliance on such a statement. The juror
testified only to his personal understanding of the parole instruction and the effect that
understanding had on him. It is improper to impeach the verdict by describing the mental process
of a single juror. See Daniels v. State, 600 S.W.2d 813, 816 (Tex. Crim. App. 1980). (1)

 The evidence adduced at the new trial hearing did not demonstrate jury misconduct. 
The district court did not err by overruling the motion for new trial.

 The judgments of conviction are affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed on Both Causes

Filed: January 29, 1992

[Do Not Publish]
1. The juror's affidavit attached to appellant's motion for new trial described behavior much
closer to that characterized as jury misconduct in Shields. This affidavit was not introduced at the
hearing, and therefore was not evidence. Rios v. State, 510 S.W.2d 326, 328-29 (Tex. Crim.
App. 1974). The only evidence before the court was the testimony of the juror described in this
opinion.