TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00029-CR







Joseph Paul Mayzone, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 93-070-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING







PER CURIAM


 Appellant pleaded guilty before a jury to two counts of aggravated robbery. Tex.
Penal Code Ann. § 29.03 (West 1994). (1) The jury assessed punishment for each count, enhanced
by two previous felony convictions, at imprisonment for life.

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). 

 Appellant exercised his right to examine the appellate record and to file a pro se
brief. In that brief, appellant brings forward a single point of error containing two contentions:
that the statutory instruction on the law of parole and good time is unconstitutional and that the
jury considered parole in assessing punishment. See Tex. Code Crim. Proc. Ann. art. 37.07, §
4 (West Supp. 1995). The first of these contentions has been presented to and rejected by the
Court of Criminal Appeals. Muhammad v. State, 830 S.W.2d 953 (Tex. Crim. App. 1992);
Oakley v. State, 830 S.W.2d 107 (Tex. Crim. App. 1992). With regard to the second contention,
the only evidence in the record is a note from the jury asking the court to explain the difference
between a sentence of life and a sentence of ninety-nine years. (2) There is no evidence that a juror
professing to know the law asserted as fact a misstatement of the law of parole, or that this
misstatement was relied on by other jurors who changed their vote as a result. In the absence of
such evidence, jury misconduct is not shown. Shields v. State, 809 S.W.2d 230 (Tex. Crim. App.
1991); Sneed v. State, 670 S.W.2d 262, 266 (Tex. Crim. App. 1984). The pro se point of error
is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: February 15, 1995

Do Not Publish
1.   The present version of section 29.03 is substantially identical to the version in effect at
the time these offenses were committed.
2.   The court replied, "All the information which you need to reach a verdict in this case
in contained within the Charge."