## J. F. LACY v. THE STATE.

No. 15834.   Delivered May 17, 1933.
Rehearing Denied June 23, 1933.
Reported in 61 S. W. (2d) 845.

The opinion states the case.

*W. D. Justice, W. R. Thomas, D. M. Dickerson,* and *R. H. Sigler,* all of Athens, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, five years in the penitentiary.

That appellant, armed with a pistol, took from Mr. Glenn $931.00, as set out in the indictment, was not disputed in testimony. The defense was insanity, which was submitted to the jury in a charge to which no exceptions were taken. Complaints of the refusal of a new trial appear in two bills of exception, one setting out that because of newly discovered testimony, and the other because of misconduct of the jury, such new trial should have been granted.

What is called newly discovered evidence, in this case, rested on the affidavit of appellant's father, who was introduced as a witness for the defendant and so testified. In his affidavit appended to the motion for new trial, he says that he was asked while a witness about the condition of his son's mind, and answered that it was all right, and just as good as the rest of them. He now says that in truth, because of being hard of hearing, he understood and was under the impression that he was asked as to his son's reputation, and made answer accordingly; that, had he understood the question, he would have testified that he regarded appellant as mentally unbalanced. Many other things are set out in his affidavit which he says he would have given in answer to such question, which would not have been in response thereto, but which information in order to have gotten legitimately before the jury would have required the asking of other, further, and different questions from that referred to, which questions do not appear to have been asked. It is not at all unreasonable to assume that a careful and prudent lawyer would have talked to his witness before he puts him on the stand, and have already in mind a fair idea of what the witness would testify. It occurs to us that due diligence would have required that, upon the giving of the testimony of the witness, apparently opposite from that which would have been reasonably expected, some effort should appear as then made to find out why the witness did not answer as expected, and to have then explained to him the question asked and to have him answer with understanding. We do not think this can be properly classified or dealt with as is the case when a witness for the state gives damaging testimony and later retracts or materially changes it. All the cases cited by appellant in his able brief are those in which such appears to be the case. Manifestly the state was not responsible for the testimony given by the witness, nor could it be said in any way to have depended upon such testimony to make out its case.

The misconduct of the jury set out is that of discussion of the failure of appellant to testify. As we understand the record,

upon the hearing of the motion for new trial all the jurors appeared in person and testified. Three jurors testified for the defense, and nine for the state. The latter seem to say that there was no discussion of appellant's failure to testify. One of them said a juryman said to him he wondered why they did not put appellant on the stand, and he replied that they were not to consider that at all. Another juror testified that he heard a juryman say he would like to have heard defendant testify on the stand, and that was all. Another juror testified he might have heard Mr. Caldwell, a fellowjuryman, say he would like to have heard appellant so they would have been better able to pass on his sanity. The last juror for the state, Mr. Snowden, said positively there was no discussion of the failure of appellant to testify.

Of the three jurors offered by appellant, Mr. Neill said he heard two other jurors, Messrs. Caldwell and Fladd, say they would have been more able to say whether appellant was insane or not if he had testified, and that this was said in the presence of the whole jury when they were all gathered together around the table. Mr. Fladd, for appellant, said there was no discussion of appellant's failure to take the stand and testify before the vote was taken that he was guilty. (Another juror had sworn that on the first ballot all twelve jurors voted guilty). Mr. Fladd further testified that he heard only one juror beside himself say anything in the jury room about appellant's failure to testify, and this was juror Neill, who said he would have felt more like rendering his verdict if appellant had been on the stand. Mr. Fladd said his own statement in this regard was that he would have been better satisfied if appellant had taken the stand. Mr. Caldwell testified that he himself said to Neill and possibly one or two others, that he would have been better satisfied over the insanity plea of appellant if he could have heard him testify.

We are of opinion that appellant has failed to show that his failure to testify was taken by any juror as a circumstance against him, which is the thing forbidden by article 710, C. C. P., or that there was any such discussion shown to have taken place in the jury room as could be of possible hurt to appellant. His proof is that the three gentlemen who referred to such failure showed by their statements that they were less willing to assent to a verdict against him because they had not heard him talk as a witness. Certainly we find no abuse of the discretion of the trial court in refusing a new trial upon such ground.

We regard the many cases cited by appellant in his brief as sound, but are not able to give them application here.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We understand that, when a motion for new trial is sought upon the averment that there was misconduct of the jury in discussing the appellant's failure to testify and the court has heard the declarations of the jurors upon the hearing of the motion for new trial, as was done in the present instance, and their testimony develops a conflict of evidence, the settlement of the conflict by the trial judge is binding upon the reviewing court, unless it is apparent from the record that in reaching his decision the trial judge has abused his discretion. The precedents on the subject are numerous. See Williams v. State, 43 S. W. (2d) 98; Robertus v. State, 45 S. W. (2d) 595. In the present appeal, the trial court apparently heard or had before him the testimony of all the jurors who served in the case. It appears from the testimony that some of the jurors, when the question of the insanity of the appellant arose, suggested that they would have been better satisfied and better able to determine the question if the appellant had testified. In the recent case of Graham v. State, 57 S. W. (2d) 850, we had occasion to review the subject in hand, and from it the following quotation is taken: "The question on appeal is whether the facts make evident that the appellant's failure to testify was taken by the jury as a circumstance against him. See Cooper v. State, 72 Texas Crim. Rep., 266, 162 S. W., 364. On appeal, the decision of the trial judge will prevail when the evidence is conflicting as to whether the jurors disobeyed the statute. A reversal will not result unless the evidence heard on motion for new trial convinces this court that, in overruling the motion, the trial court abused its discretion. See Scrivnor v. State (Texas Crim. App.), 50 S. W. (2d) 329, 330. See page 332 for citation of authorities."

From our understanding of the matter, we are constrained to regard the decision of the trial judge as conclusive.

The motion for rehearing is overruled.

*Overruled.*