O. E. (Oscar) Stewart v. The State.

No. 23781. Delivered November 26, 1947.

*Hinson & Hinson,* of Graham, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $500.00 and ninety days in jail on appellant's plea of guilty to a charge of possessing intoxicating liquor for the purpose of sale in a dry area.

The plea of guilty was to the court, but the evidence was presented to the jury who fixed the penalty. On a motion for a new trial three of the jurors were called and gave testimony as to the conduct complained of. Mr. King, the foreman, said that one of the jurors asked if anybody knew whether or not this was Oscar's first offense of this character. Another juror said, "Well, he had heard that Oscar got caught last fall but didn't know whether this was the case or not, or whether this was another one. We all kind of wanted to know." The jurors then asked their foreman to make inquiry of the County Judge, but upon finding they would have to go back into the court room they decided not to do it. Mr. King said further, "We figured that if he had been bootlegging that if we were going to try to stop him that we ought to set it pretty high. That that would be the only way to stop him."

Mr. Mobley, another juror called as a witness, endorsed the statement which Mr. King had just made and then said, "Well, everybody kept talking about it and we all kind of wanted to know whether it was or not. We wondered why he didn't take the stand or his lawyers didn't plead that it was his first offense. Well, we figured that if he had been bootlegging that he ought to have enough money to pay a heavy fine."

Mr. Atkinson, another juror, was called. He endorsed the statements made by the jurors King and Mobley, but made no statement about any reference to the defendant's failure to testify. They based their verdict on a conclusion reached by all that they should "set the fine high enough that it would stop him from bootlegging."

It appears then that the discussion with reference to his

166

failure to testify was on the subject of whether or not this was his first offense. Under Article 710, Vernon's Ann. C. C. P., the prosecuting attorney is not permitted to refer to the defendant's failure to testify in his case. The statute, however, does not prohibit the court nor the jury from making reference to it. The inhibition applying to them is that, "The failure of any defendant to so testify shall not be taken as a circumstance against him." Bell v. State, 161 S. W. (2d) 109. This does apply to the jury in their deliberation on the case before us. There is no question about the defendant's guilt. He had plead guilty and the uncontroverted facts showed it. It appears, however, that the jury discussed his failure to testify in connection with the question which they were trying to determine, as to whether or not this was his first conviction for a similar offense. They decided to ask the court and, thereafter, proceeded to discuss the matter, apparently based on his failure to testify. In some way they reached the conclusion that he had been bootlegging and that in order to stop him they must assess a heavy penalty. This they did. We find no reference in the record whatsoever to any former charge against him. The officers found but a small quantity of liquor and no circumstance is presented in the record to indicate that he was engaged in the business of selling it. The only indication which the record gives for the jury's reaching such conclusion was the fact that he did not testify and that his attorney did not plead that it was his first offense. It appears perfectly clear that the jury in this case considered the defendant's failure to testify as a circumstance against him and that it was the basis for the heavy fine assessed. This we think was error. Harrell v. State, 42 S. W. (2d) 438; Chambless v. State, 180 S. W. (2d) 927. Appellant's motion for a new trial should have been granted.

.The judgment of the trial court is reversed and the cause is remanded.