LEE SLAUGHTER V. STATE.

No. 24523. December 7, 1949.
State's Motion for Rehearing Granted February 1, 1950.
Appellant's Motion for Rehearing Denied March 29, 1950.

461

*Doyle Pevehouse,* Corsicana, for appellant.

*Charles T. Banister,* County Attorney, Corsicana, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder with a penalty of three years in the penitentiary.

Appellant is alleged to have killed Frank Lewis on the 10th day of September, 1944, by cutting him with a knife. The case was tried in 1946 in Limestone County, where the homicide took place. The result of that trial is not disclosed by the record, but it is shown that a trial was had and two of the witnesses who testified for the state in that case were not present at the trial in Navarro County. Their testimony on the former trial was reproduced, under the rules.

The prosecution presented a knife while cross-examining appellant and asked him if that was the knife he used. Defense objected to the introduction of the knife and the court sustained the objection. The ground of the objection and the reason for the ruling do not appear in the record, but the court stated to the jury definitely: "Gentlemen of the jury, you will not pay any attention to that knife as being of any significance at all; it was erroneous for counsel to have exhibited it in your sight at this time." This procedure shows conclusively that the knife was not in evidence before the jury. On his motion for new trial complaint is made of misconduct of the jury contrary to the statute forbidding the reception of additional evidence (Art. 753, Sec. 7, C. C. P.) R. M. Cooksey, a member of the jury, testified that he remembered the private prosecutor pulled from his pocket a knife. He described the knife as being red-handled. He then said, "We discussed the knife in the jury room * * *. One of us said the knife just gave him cold chills and I said 'It did me too, because I had one pulled on me once.' * * *." The juror then discussed the incident, described the knife and detailed the experience which he had and which he referred to while in the jury room. He concluded, "I don't know whether the view of the knife when exhibited by Mr. Tyson affected my verdict as to the guilt or innocence of the defendant or not; I just know when he pulled the knife out it shocked me; a knife scares me; I don't know that that influenced my verdict." He further stated, on re-direct examination, "The sight of the knife influenced me; *and it was discussed in the jury room; we brought the knife up; * * *.*"

The situation thus presented is quite unusual. As the record stands before us it appears to have been perfectly proper to have asked the question and to have appellant identify the knife. Usually the weapon used to commit the murder is admissible in evidence. We have always held, however, that a jury has no right to discuss evidence which the court has with-

held or withdrawn from them. The difficulty in applying the rule of law thus raised was discussed in Hochman v. State, 170 S. W. 2d 756 (at page 761, on motion for rehearing). The jury had no right to discuss the evidence involved under the circumstance of this case. The question of whether or not the court's ruling, withdrawing it from them, was proper is immaterial. It was not before them as evidence. Even though it appears in the instant case that the court might have committed error against the state in his ruling, we are unable to say that he did. That question is not before us. In the state of the record there is no evidence to show that it was the knife used in the murder. It is sufficient for us to say that after the court refused to admit the knife as evidence before the jury, it was improper for the jury to discuss it. Because they did discuss it a new trial should have been granted.

Two bills of exception complain of the admission of the testimony of two witnesses taken on a former trial. The evidence in each case was admissible and the court's ruling thereon was proper.

For the error complained of, the judgment of the trial court is reversed and the cause is remanded.

### ON STATE'S MOTION FOR REHEARING.

WOODLEY, Judge.

Though not called to our attention either on original submission or in the state's motion for rehearing, a further examination of the entire record discloses that the question of jury misconduct, made the basis for reversal of this case, was not raised by allegations in appellant's motion for new trial.

In Paragraph VI of his amended motion for new trial, appellant's allegation as to jury misconduct is as follows:

"The Court should set aside the verdict of the jury for the reason that before the evidence had been concluded in the trial of the case, the jury, while lounging about the jury room, during a recess of Court, discussed the evidence and the facts in the case and found the defendant guilty, before all of the evidence had been introduced and before the arguments of the attorneys had been heard, and before the Court's charge had been read to the jury, contrary to the law of this State."

There was no other allegation in his motion regarding the conduct of the jury. With this allegation as his sole pleading,

appellant offered his proof, consisting of the testimony of the Juror Cooksey.·

The testimony of this juror did not support the allegations of the motion, but apparently without objection the juror, as a witness, was permitted to testify as to the discussion of the knife by the jury during their deliberations. Such evidence had no bearing on the issue raised by the motion, and under well-establish rules governing hearings before the court,· it should be presumed that the judge, though permitting the introduction of such testimony, disregarded it in arriving at his decision.

The law requires that a motion for new trial upon the ground of misconduct of the jury specifically set out the conduct relied upon in order that the trial court, as well as the state, may have notice of such claim. See Harvey v. State, 150 Tex. Cr. R. 332, 201 S. W. 2d 42; and Williams v. State, 153 Tex. Cr. R. 299; 219 S. W. 688.

The question of misconduct of the jury in discussing the knife, as treated in our original opinion, is not before us for consideration, and should not have been the basis for a reversal of the case.

Appellant's complaint as to the exhibition of the knife by the state and its tender as evidence is without merit. It was properly offered for the purpose of identification, and if there was error in the action of the court in excluding it as evidence, the error was against the state and no harm to appellant resulted.

It is observed that the judgment of the court provides that appellant be punished by confinement in the penitentiary for not less than two nor more than three years. The jury assessed appellant's punishment at a definite term of three years. The sentence properly applies the indeterminate sentence law attempted to be applied in the judgment. See Art. 775, C. C. P. The judgment is reformed so as to adjudge appellant's punishment at three years in the penitentiary.

As so reformed, the state's motion for rehearing is granted, the order of reversal is set aside, and the judgment of the trial court is now affirmed.

Opinion approved by the court.

GRAVES, Judge.

Appellant's attorney attempts to file in this court and present to us an affidavit dated March 6, 1950, of a certain constable relative to the knife taken off appellant at the time of his arrest herein, it relating to the knife that was exhibited to appellant by the district attorney while he was on the witness stand and which he was not allowed to testify about upon objection of his attorney. We cannot consider this belated affidavit. Its attempted presentation to this court at this late hour would have and has caused a further statement upon the part of the state's attorney relative to the identity and possession of such knife. Neither of these statements is received nor considered by this court.

We think the opinion affirming this cause is correct in its disposition thereof, and the appellant's motion for a rehearing is overruled.