### E. W. DAVIS V. STATE.

No. 26650. December 2, 1953.
Rehearing Granted February 17, 1954.
State's Motion for Rehearing Denied (Without
Written Opinion) April 14, 1954.

*Ray Martin*, Wichita Falls, for appellant.

*Calvin Ashley*, Assistant District Attorney, Wichita Falls, and *Wesley Dice*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The indictment charges appellant under Art. 567b, V.A.P.C., with giving a check of over the amount of $50, without sufficient funds and, for the purpose of enhancing the punishment, two prior convictions for felonies less than capital were also alleged. Upon conviction, his punishment was assessed at life imprisonment.

Ward Phenix testified that on November 1, 1952, he sold appellant a 1950 Ford automobile for $1500, and the appellant gave him the check described in the indictment in the sum of $500 drawn on the First National Bank of Gainesville, Texas, in part payment therefor which the appellant signed in his presence; that appellant told him at the time of the sale and delivery of the automobile that he had sufficient funds in said bank to take care of the check. He further testified that he found the next day that no such bank existed, and also found that appellant did not have an account with any bank in Gainesville. He further testified that appellant gave Gainesville as his address and, upon investigation, no such person was known at the given address.

The check was admitted in evidence; the alleged prior convictions were properly shown; and appellant did not testify.

We find the evidence sufficient to support the conviction.

Appellant contends that the court erred in overruling his motion for a new trial, the ground being that the jury considered as a circumstance against him his failure to testify in his own behalf.

Appellant offered the testimony of four jurors as follows: Juror Duncan testified that before the jury reached a verdict, the failure of the appellant to testify about the two prior convictions was mentioned, and then the foreman admonished the jury not to mention or consider same, but that it was mentioned again later. Juror Hall testified that the failure of the appellant to testify was mentioned by from "three to five" of the jurors before they reached a verdict, and that he cautioned them that it was improper, and that it wasn't brought up again. Juror Reed testified that the subject of the appellant's failure to tes-

tify "came up several times and it was more than once it was talked about whether we were supposed to consider it or not," and that they then read in the court's charge that they were not to consider it; that they were admonished by the foreman not to consider the appellant's failure to testify, but that it was later mentioned. Juror Dickerson testified, in substance, as the above jurors.

Five of the jurors testified for the state as follows:

Juror Clemons, the foreman of the jury, testified that one of the jurors said "Well if he wasn't guilty why didn't he take the stand why wasn't he put on the stand" and I said "That's not to be discussed at all in this case, it is none of our business why he wasn't put on the stand or wasn't used, as a witness;" that this matter was dropped and he didn't hear it mentioned again. Juror Hilley testified that he heard one juror mention the failure of the appellant to testify, then the foreman admonished the jury not to refer to it and he heard no more about it. Three other jurors were offered by the state and each testified, in substance, as the above jurors.

The testimony of the above jurors upon the hearing of the motion for a new trial developed a conflict of evidence. It appears that the failure of the appellant to testify was referred to, however, the mere mention of such failure not followed by any discussion warrants the finding by the trial court that appellant's failure to testify was not considered by the jury as a circumstance against him. Henry v. State, 141 Tex. Cr. R. 486, 149 S.W. 2d 115. The trial judge heard the evidence on the motion for a new trial, and there being a conflict in the testimony as to whether the jury discussed or considered appellant's failure to testify as a circumstance against him, his action in refusing a new trial will not be disturbed unless he abused his discretion in reaching his decision. Graham v. State, 123 Tex. Cr. R. 121, 57 S.W. 2d 850; Scrivnor v. State, 121 Tex. Cr. R. 565, 50 S.W. 2d 329; Lacy v. State, 124 Tex. Cr. R. 362, 61 S.W. 2d 845.

We conclude that the evidence fails to show that the trial court abused his discretion in refusing the motion for a new trial.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

MORRISON, Judge.

We have re-examined the statement of facts on motion for new trial and have concluded that we were in error in our original opinion. We find that the question of the appellant's failure to testify was discussed several times by the jury during their deliberations and that at one stage thereof the jurors were not in accord among themselves as to whether this question was a proper subject of discussion and that some jurors continued to bring up the matter. Where there is evidence of repeated discussions, we think that the trial court was unwarranted in reaching the conclusion that the appellant's failure to testify was not taken as a circumstance against him. This is what the statute denounces.

Appellant's motion for rehearing is granted; the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.

WOODLEY, Judge (Dissenting).

I am unable to agree with my brethren that appellant's motion for rehearing should be granted and state my reasons therefor.

The amended motion for new trial and the juror's affidavit made a part thereof by reference alleged that the jury was guilty of misconduct because they "discussed at length" the fact that the defendant did not take the stand in his own behalf.

Art. 710 C.C.P. reads as follows:

"*Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him,* nor shall the same be alluded to or commented on by counsel in the cause; provided, that where there are two or more persons jointly charged or indicted, and a severance is had, the privilege of testifying shall be extended only to the party on trial."

As pointed out in Stewart v. State, 151 Tex. Cr. Rep. 164, 206 S.W. 2d 88, the underlined portion of this statute applies

to the jury in their deliberations, but the remaining portions apply only to the prosecuting attorney.

This court has held that the motion for new trial must specifically allege the matter or error relied upon. Art. 756 C.C.P.; Harvey v. State, 150 Tex. Cr. Rep. 332, 201 S.W. 2d 42; Slaughter v. State, 154 Tex. Cr. Rep. 460, 231 S.W. 2d 657; 4 Tex. Jur. 106.

There was no allegation that the jury considered appellant's failure to testify as a circumstance against him.

As to the testimony on the motion for new trial, it is shown without dispute that the jury's discussion as to appellant's failure to testify did not occur until after they had agreed upon his guilt of the present crime.

It remained only for them to determine the historical fact that appellant had been twice previously convicted of a felony, as charged in the indictment, otherwise they were to assess his punishment as a first offender.

Joe E. McLean, Ft. Worth attorney, testified that he was first assistant district attorney and was present when the Tarrant County case was tried. This is the conviction first described in the portion of the indictment alleging former convictions. McLean identified appellant as the defendant who was convicted and sentenced in that case for forgery. The conviction was for an offense committed on November 4, 1950.

Chester Kernan, detective with the New Orleans Police Department, testified that he was present when appellant pleaded guilty to the offense of forgery in the Louisiana conviction alleged. He was positive in his identification of appellant and produced pictures and finger prints taken of him. He was the officer who investigated the case.

A finding by the jury to the effect that appellant had not been previously convicted as alleged would necessarily have been an arbitrary one. There is nothing in the record from which they might reasonably have concluded that he was not in fact the person previously convicted in the cases alleged, and nothing before us suggests that he was not so convicted.

Under the facts the trial court was warranted in concluding

that the failure of appellant to testify was not considered by the jury in determining that appellant was a third offender as alleged in the indictment. At most, an issue was raised and the trial court found that the jury did not consider appellant's failure to testify as a circumstance against him.

The jury did not assess the punishment, and were not required to do so.

For the reasons stated, I respectfully enter my dissent.