**Ex parte Kendall JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 865–94.**

Court of Criminal Appeals of Texas.

Oct. 16, 1996.

Stanley G. Schneider, Troy McKinney, Tom Moran, Houston, for appellant.

Alan Curry, Assistant District Attorney, Houston, Matthew Paul, State's Attorney, Austin, for State.

*OPINION ON APPELLANT'S AND STATE'S PETITIONS FOR DISCRETIONARY REVIEW*

WHITE, Judge.

Harris County authorities arrested appellant on January 26, 1993, and charged him

---

with possession of a controlled substance with intent to deliver, and with possession of a taxable substance on which the tax had not been paid. Pursuant to that arrest, the State indicted appellant for Failure to Pay Taxes on Controlled Substances and for Possession with Intent to Manufacture or Deliver a Penalty Group One Controlled Substance. The State then initiated forfeiture proceedings against appellant pursuant to TEX.CODE CRIM. PROC.ANN. Chp. 59. Appellant and the State entered into an agreed final judgment of forfeiture on June 24, 1993. Pursuant to this agreement, appellant forfeited $11,547.00 in United States currency: 70% to the City of Houston Police Department, 27% to the Special Crimes Bureau of the Harris County District Attorney's Office, and 3% to Harris County Drug Abuse Prevention/Treatment Fund. Also pursuant to this agreement, the assorted jewelry, goldrimmed sunglasses, and 1989 BMW automobile were returned to appellant.

Appellant then filed a pre-trial application for a writ of habeas corpus on September 29, 1993. In his application, appellant argued the State was barred from prosecuting him for possession of a controlled substance with intent to deliver and with possession of a taxable substance on which the tax had not been paid under the double jeopardy provisions of the Fifth Amendment. U.S.CONST. The trial court denied the application on December 1, 1993. The trial court permitted appellant to remain free on bond pending the outcome of his appeal of the denial of his application.

The First Court of Appeals affirmed the judgment of the trial court. *Johnson v. State,* 882 S.W.2d 17 (Tex.App.—Houston [1st Dist.] 1994). Relying upon *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), the Court of Appeals concluded that forfeiture under the Texas statute was punishment, even though the Court of Appeals believed the purpose of the forfeiture statute to be remedial. *Johnson,* 882 S.W.2d, at 19. The Court of Appeals applied the proportionality analysis of *Halper,* and concluded the amount of the property forfeited was not overwhelmingly disproportionate to the damages caused.

*Johnson,* 882 S.W.2d, at 20. Based upon this conclusion, the Court held appellant's Fifth Amendment rights had not been violated. *Johnson,* id. Appellant brought ·a petition for discretionary review before this Court. The State brought a cross-petition for discretionary review.

In his petition, appellant asks

(1) Whether a civil forfeiture pursuant to Chapter 59 of the Code of Criminal Procedure constitutes "punishment" for purposes of the Fifth Amendment Double Jeopardy Clause.

(2) Whether a civil forfeiture is "punitive" for purposes of the Fifth Amendment Double Jeopardy Clause if the forfeiture exceeds a roughly approximation (sic) the State's cost of investigation and prosecution and "remedial" if it roughly approximates the State's cost of investigation and prosecution.

(3) If the answer to issues 4 and/or 5(sic) is in the affirmative, whether the State or the applicant bears the burden of proof of showing the State's cost of investigation and prosecution.

(4) Whether the *Court* of Appeals may determine that a forfeiture is not disproportionate to the State's cost and losses based upon a silent record.

In its cross-petition, the State argues the "First Court of Appeals erred in failing to hold that a double jeopardy analysis did not apply with respect to the particular forfeiture proceeding involved in this case." This Court granted review of both appellant's petition and the State's cross-petition. We will affirm.

Today, this Court has handed down its decision in *Fant v. State,* 931 S.W.2d 299 (Tex.Cr.App.1996). In *Fant,* this Court concluded that forfeitures under chp. 59 "were meant to be civil in rem proceedings." *Fant,* at 307. As such, chp. 59 forfeitures were intended to be civil, not criminal, sanctions. *Fant,* at 307. Ultimately, this Court ruled the Texas forfeiture statutes "have not been shown by the clearest evidence to be so punitive in form and effect as to render them criminal." *Fant,* at 307. We will review

appellant and the State's grounds for review in light of *Fant.*

 We turn first to the grounds for review urged by appellant. In his first ground, appellant argues the Court of Appeals erred when it did not conclude that civil forfeitures under art. 59 are "punishment, pure and simple." Appellant errs in viewing the question of chp. 59 civil forfeitures as being simply punishment. Because the Texas forfeiture statute provides for a civil in rem proceeding to administer a civil sanction, the appellant's assertion that chp. 59 forfeitures are purely and simply punishment is without merit. See *Fant,* at 304–307. Appellant's first ground for review is overruled.

In his second ground for review, appellant argues the Court of Appeals erred in relying upon the rational relation test set out in *U.S. v. Halper.* Appellant claims the Supreme Court, in *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), rejected that test as "faulty and inappropriate". In *Fant,* we discussed the Court's decision in *United States v. Ursery,*[1] —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). In *Ursery,* the Court determined that "nothing in *Halper, [Department of Revenue of Montana v.] Kurth Ranch[,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994)], or *Austin,* purported to replace our traditional understanding that civil forfeiture does not constitute punishment for the purpose of the double jeopardy clause." *Ursery,* at ——, 116 S.Ct. at 2146. Appellant correctly attacked the Court of Appeals' decision to apply the rational relation test of *Halper* in the instant case, but he did so for the wrong reason. It is not necessary to apply *Halper*'s rational relation test to determine whether a forfeiture is punitive, because we decided in *Fant* that forfeitures under the Texas statute are essentially remedial civil sanctions and are not punitive. *Fant,* at 304–307. Appellant's second ground for review is overruled.

In his third ground for review, appellant contends the Court of Appeals erred in failing to state whether the defendant or the State has the burden of proving the State's costs and damages. This argument is related to the rational relation test of *Halper.* In light of *Fant* there is no need to apply *Halper*'s rational relation test to a Chp. 59 forfeiture because that forfeiture is inherently remedial. Appellant's third ground for review is overruled.

In his fourth ground for review, appellant complains of the Court of Appeals determination based upon a silent record that the forfeiture was not disproportionate to the State's cost and losses. Due to our disposition of the second ground for review, the issue of whether or not the Court of Appeals erred in its assessment of proportionality is now moot. Appellant's fourth ground for review is overruled.

Lastly, we turn to the State's ground for review in its cross-petition, that the Court of Appeals erred when it did not conclude that double jeopardy analysis should not apply to the instant forfeiture. In the instant case, the Court of Appeals concluded forfeiture under the Texas statute was punitive, even though the purpose of the statute was remedial. *Johnson,* 882 S.W.2d, at 19. The Court of Appeals then applied the proportionality test of Halper to determine whether appellant's jeopardy protections under the Fifth Amendment had been violated. *Johnson,* 882 S.W.2d, at 19–20. The State argues that the property forfeited in the instant case was "necessarily either an instrumentality that was used or intended to be used in the commission of a felony under the Texas Controlled Substances Act [citation omitted], or proceeds gained from the commission of a felony under the Texas Controlled Substances Act [citation omitted]." As a result, the State "contends that no double jeopardy analysis properly applies to the particular forfeiture that occurred in this case."

In *Fant,* we concluded the Texas forfeiture provisions of Chp. 59 are remedial in form and effect, as they were designed to provide

---

1. The companion case in *Ursery* was *United States v. $405,089.23 in United States Currency et al.* Both cases were decided together on certio-
rari by the Court in a single opinion, hereafter referred to as *Ursery.*

for the forfeiture of property that is identified as either the proceeds from or the instrumentality of a specified crime. *Fant,* at 304–307. As with *Fant,* in the instant case, the property that was forfeited to the State was either the proceeds from or the instrumentality of a crime. *Fant,* at 307.

In its Original Notice of Seizure and Intended Forfeiture the State alleged the currency, automobile, jewelry and sunglasses were all contraband as defined in Chp. 59 and thereby subject to forfeiture. By the terms of the statute, this allegation means the currency, automobile, jewelry and sunglasses were either the proceeds from or the instrumentality of criminal activity.

Appellant and the State entered into an Agreed Final Judgment of Forfeiture in the instant case. In that agreement, the State and appellant agreed the automobile, jewelry and sunglasses were not subject to forfeiture. We presume from this agreement that the parties understood this to mean the automobile, jewelry, and sunglasses were not contraband.

■ Both parties also agreed that the currency ($11,547.00) was to be forfeited. We presume from this agreement, the terms of the State's Original Notice of Seizure and Intended Forfeiture, and the terms of Chp. 59 that the currency was contraband as defined in Art. 59.01. In other words, the currency was property that was used or intended to be used in the commission of a specified crime, or property that was the proceeds of, or acquired with the proceeds from, the commission of a specified crime. As in *Fant,* we conclude that the forfeiture of appellant's currency pursuant to Chapter 59 was a civil in rem proceeding that was neither punitive nor criminal in nature for purposes of the Double Jeopardy Clause of the Fifth Amendment. *Fant,* at 307.[2]

We agree with the State that double jeopardy analysis does not apply to the instant forfeiture, and that the Court of Appeals erred in the application of double jeopardy analysis to resolve the issue before them. See *United States v. Ursery,* —— U.S. ——, 116 S.Ct. 2135; and *Fant v. State,* at 304–307. We sustain the State's ground for review in its cross-petition. However, since the Court of Appeals reached the correct result in the instant case, we have no reason to reverse their judgment.

The judgment of the Court of Appeals is affirmed.

---

**2.** As in *Fant,* appellant advanced no separate analysis or argument before this Court of a claim under Art. I, Sec. 9 of the Texas Constitution. As a result, our decision pursuant to the Fifth Amendment disposes of the issue before us. See *Fant,* at 302, note 2.